AMERICAN BONDING COMPANY *v.* BOARD OF STREET IMPROVEMENT DISTRICT No. 82.

4-2977

Opinion delivered April 17, 1933.

*Horace Chamberlin,* for appellant.

*Murphy & Wood,* for appellee.

MEHAFFY, J. Street Improvement Districts Nos. 82 and 89 of Hot Springs, Arkansas, were duly organized in 1926.

In 1927 act 182 was passed, which was an act requiring all improvement districts in this State to require depositories of the funds of such improvement districts to give surety bonds for the full amount deposited. After the passage of this act, the Community Bank & Trust Company of Hot Springs, Arkansas, was designated as the depository of the funds of the districts. J. O. Langley was president of the Community Bank & Trust Company, and was collector of both districts.

In 1927 the directors of each district applied to the Community Bank & Trust Company for a depository bond, and bonds were executed by the bank with the Home Accident Insurance Company as surety. These bonds continued in force until the insolvency of the Home Accident Insurance Company in 1930. In December, 1930, application was made to the American Bonding Company of Baltimore, and on December 15, 1930, the Community Bank & Trust Company entered into a bond, as required by statute, with the American Bonding Company of Baltimore as surety. Bond was made to each district. Each of the bonds provided, among other things, that "the condition of the obligation is such that, if the

above bounden principal shall in due course pay, on legal demand made during the term of this bond all sums of money which the principal shall be legally bound to pay, then this obligation shall be void; otherwise of full force and effect.''

This is a statutory bond, and the statute is read into the bond. The statute provides that the bond shall be conditioned for the apt and full and complete payment of all funds so deposited, together with the interest thereon.

J. O. Langley, who was president of the Community Bank & Trust Company and collector for each district, also made a bond with the American Bonding Company of Baltimore as surety.

The Community Bank & Trust Company, on November 30, 1931, became insolvent and closed its doors. At that time it had on deposit to the credit of Street Improvement District No. 82 the sum of $294.98, and to the credit of J. O. Langley, as collector of Street Improvement District No. 82, $946.88. Street Improvement District No. 89 had on deposit to its credit $402.11, and J. O. Langley, as collector of Street Improvement District No. 89, the sum of $2,040.25.

Each of the districts made demand upon the American Bonding Company for the payment of the amounts deposited to their credit, and also for the amounts deposited by J. O. Langley as collector for each of said districts. The American Bonding Company admitted liability for the amounts deposited in the names of the districts, and offered to pay these sums in settlement of its liability under its bonds. The districts refused to accept these amounts, and demanded that the bonding company also pay the amounts in the name of J. O. Langley as collector of the districts. After the demand was made by the districts, the Bank Commissioner paid a dividend to all depositors, and dividends were paid by the Bank Commissioner on these four accounts. Both districts brought suit in the Garland Circuit Court against the appellant and the Bank Commissioner.

District 82 did not bring a suit on its collector's bond, and, when the dividends were paid, both districts

had Langley to assign his accounts in the bank to them, and the dividends due Mr. Langley were paid to the districts. After suit was brought, the bonding company placed the amounts that were on deposit in the names of the districts with the clerk of the Garland Circuit Court.

The appellant filed answer in each case and tendered the payments above mentioned, but contended that it was not liable for the amounts to the credit of the collector, and in District No. 82 pleaded the collector's bond, which covers the exemption as to liability shown in said bond. It also alleged that it was not liable to either district for the collector's deposits because they were his funds; that he was indebted to the district, and the bank indebted to him. After these pleas were filed by the appellant, the complaints were amended, making Langley a party defendant, and alleging that he had no interest in the funds which he had on deposit as collector of the districts. Langley entered his appearance, filed answer, in which he alleged that he had deposited the money as an officer of the districts, and that he has no interest in the accounts, and that the funds belonged to the several districts. The undisputed evidence showed that the funds deposited by Langley as collector belonged to the districts, and that Langley had no interest in them.

The cases were consolidated and tried together, and the court, sitting as a jury by agreement, found that the funds to the credit of J. O. Langley as collector belonged to the districts, and that he had no interest in said accounts, except that he received and deposited said moneys as collector of the respective districts.

Judgment was entered against the bonding company for all four amounts with interest, less 28 per cent. which had been paid by the Bank Commissioner. The case is here on appeal.

The evidence in the case was an agreed statement of facts; the bonds and the testimony of Judge Wood and E. E. Steigler we do not deem necessary to set out in detail. The only question for our consideration is whether the bonds given by the depository as principal and the American Bonding Company as surety covered the deposits in the name of J. O. Langley as collector of the districts.

Bonds are to be construed like other contracts, and it is the duty of the court, if it can do so, to ascertain the intention of the parties. In arriving at the intention of the parties, where a statutory bond is given, it is proper to examine, not only the bond itself, but the statute under which it is given, and all the facts and circumstances connected with the making of the bond. *Ætna Casualty & Surety Co. v. State,* 174 Ark. 988, 298 S. W. 501.

The bonds in this case recite: ''Whereas the said Community Bank & Trust Company has been designated as a depository of funds of Street Improvement District No. 82, now therefore the condition of the above obligation is such that, if the above bounden principal shall in due course pay on legal demand made during the term of this bond all sums which the principal shall be legally bound to pay, etc.''

The bond given to District 89 is the same as that given for District 82. The statute under which the bonds were given states: ''All other improvement districts of this State, both rural and urban, having in their charge the moneys and funds of such districts shall before depositing same in any bank, trust company, savings association, or with any other person or company, require of such depository a good and sufficient bond signed by some surety company authorized to do business in the State of Arkansas, conditioned for the apt and full and complete payment of all funds so deposited, together with the interest thereon.''

It will be seen from an examination of the statute that it includes all moneys and funds of the district which the depository has in its charge. There can be no question but what the bank had in its charge the moneys deposited by the collector of the district, as the money of the district, and, reading the statute into the bond, the surety undertook to pay all funds so deposited, etc. That necessarily means all the funds in charge of the depository bank belonging to the districts deposited in the name of the collector of the districts. The money might have been deposited by the treasurer, but it would then have been the funds of the districts, and, if deposited in the

name of any officer of the districts in such a manner as to show that they were the funds of the districts, such funds would be covered by the terms of the bond.

The manner in which the funds were deposited in the bank did not in any way affect the rights or obligations of the surety, if they were so deposited as to clearly show that they were the funds belonging to the districts. Another familiar rule of construction is that all the provisions of bonds or other contracts must be construed most strongly against the obligor who prepared the bonds, and in favor of the beneficiary. *Ætna Casualty Co. v. State, supra; Consolidated Indemnity & Ins. Co. v. State use Craighead County,* 184 Ark. 581, 43 S. W. (2d) 240.

The liability of a surety is measured by his contract, and the liability cannot be extended by implication, but a bond made by a paid surety, as in this case, is construed most strongly against the sureties, but, of course, it must not impose burdens not within the terms of the bond. *Norton v. Md. Cas. Co.,* 182 Ark. 609, 32 S. W. (2d) 172; *Consolidated Indemnity & Ins. Co. v. State use Craighead County,* 184 Ark. 581, 43 S. W. (2d) 240.

We think that, when the statute is read into the bond, the surety became liable for all moneys deposited in the Community Bank & Trust Company belonging to the respective districts, and, if such moneys belonging to the districts were deposited in the bank, it was not material whether such moneys were deposited in the name of the districts, or the name of the collector, or the name of the treasurer, if they were so deposited as to show that they were the moneys of the districts. What the surety undertook to become liable for was the moneys belonging to these districts, which the principal had in charge.

There is no reason why the surety should not be liable for all the funds that were deposited in the bank belonging to these two districts.

The judgment of the circuit court is affirmed.